UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH E. FOX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-01908-CMS |
| | ) | |
| SUPERINTENDENT MR. CURETON, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are *pro se* Petitioner Kenneth E. Fox's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and Motion for Leave to Proceed *in Forma Pauperis* without Prepaying Fees or Costs (Doc. 2). For the reasons stated below, the Court will deny Petitioner's Petition but grant Petitioner's Motion for Leave to Proceed *in Forma Pauperis*.

**BACKGROUND**

Petitioner is a pretrial detainee being held in the St. Louis County Justice Center. *Id.* at 1. Independent review of Petitioner's criminal case on Missouri Case.net, the State of Missouri's online docketing system,[1] reveals that Plaintiff was charged with two counts of sodomy or attempted sodomy in the first degree, one count of harassment in the first degree, and one count of assault in the first degree. *See State v. Fox*, 23SL-CR04010-01 (21st Jud. Cir., St. Louis County Circuit Court).

[1] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Petitioner asks this Court to "issue an emergency order to stay the proceedings" and "compel the state court to grant immediate pretrial release or a bond hearing consistent with due process . . . ." (Doc. 1 at 7). On November 3, 2026, Petitioner pleaded guilty to one count of assault in the first degree and was sentenced to 20 years' imprisonment. *Fox*, 23SL-CR04010-01.

## DISCUSSION

### I. Motion for Leave to Proceed *in Forma Pauperis*

Upon review of the financial affidavit, the Court has determined that Petitioner is unable to pay the filing fee. *See* 28 U.S.C. § 1915. Thus, Petitioner's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) will be granted.

### II. Petition for a Writ of Habeas Corpus

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a Section 2254 petition if it plainly appears that a petitioner is not entitled to relief. Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). For the reasons discussed below, it plainly appears that Petitioner is not entitled to relief on his Section 2241 petition. Therefore, it will be summarily dismissed.

A "person in custody pursuant to the judgment of a state court 'can only obtain habeas relief through § 2254, no matter how his pleadings are styled.'" *Williams v. Glass*, No. 4:20-cv-01451-SRC, 2021 WL 1020317, at *4 (E.D. Mo. Mar. 17, 2021) (citing *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (Section 2254 is "the only vehicle" for a state prisoner's claims.). A Section 2241 petition "become[s] moot upon the conviction of the petitioner." *Id.* (citing *Williams v. Slater*, 317 F. App'x 723 (10th Cir. 2008)).

Here, Petitioner pleaded guilty on November 3, 2026, and was sentenced on the same day to 20 years' imprisonment. *See Fox*, 23SL-CR04010-01. Thus, an action pursuant to Section 2241 is no longer appropriate. *See Glass*, 2021 WL 1020317. Because relief under Section 2241 is unavailable to Petitioner, the action is moot. *See* U.S. Const. art. III, § 2; *see also Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000).

For this reason, Petitioner's Section 2241 Petition is summarily dismissed under Rule 4 of the Rules Governing § 2254 Cases. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**.

**IT IS FINALLY ORDERED** that the Court will not issue a certificate of appealability.

The Clerk of Court is directed to close this case.

Dated this 5th day of November 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE